UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAEVON PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-1227-JAR ) |
| DEPARTMENT OF THE TREASURY, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Raevon Parker for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

**Legal Standard**

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, if the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Additionally, this Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff prepared the complaint using the Court's "Complaint for Violation of Civil Rights" complaint form. He identifies the defendants as the United States Department of the Treasury, and the Internal Revenue Service. Plaintiff avers this Court has jurisdiction over this action because his claims arise under 42 U.S.C. § 1983, and writes "Right to appeal" and "The defendants failed to inform of charges, and seized property or provide witnesses to call and

2

confront." (ECF No. 1 at 3, 4). Plaintiff also indicates an intent to bring a *Bivens*[1] action against the defendants to vindicate the violation of his Fifth and Sixth amendment rights, and writes: "Protection against trial w/o indict Right to be informed of charges." *Id.* at 3.

Because of the manner in which plaintiff prepared the complaint, his claims are not readily discernible. However, it appears he seeks $1 trillion from the defendants in connection with the allegedly wrongful assessment of taxes and/or fees, and/or the wrongful refusal to give him money. He alleges that after he completed college, "Defendants recanted on an amount issued when at the time plaintiff qualified for funding from government. Taxes have been [illegible] to plaintiff's account with no warning or way to contest. Defendant has threatened to take several attempts to retrieve funds from plaintiff." *Id.* at 4. Plaintiff further alleges "the IRS said I owed a debt to them that I was unaware of for years," and threatened to take money from plaintiff and assess late fees. *Id.* Plaintiff's description of his injuries and his prayer for relief give no indication of what his claims might be. He claims the defendants humiliated, embarrassed and slandered him, and subjected him to "negative labeling" and "being outcast amo[]ngst the only society to accept or acknowledge." *Id.* at 5. He further alleges the defendants caused "[p]hysical injuries include aches, and pains from injections of unapproved medications for unexplained phenomena of intel[i]gence mistaken for a form of psychos's [*sic*] that's unfounded to date." *Id.* at 5. He seeks $1 trillion dollars in damages, and writes:

> The plaintiff would like the court to issue a recurring funding to the community that has been targeted to be deprived of opportunity for economic gain. The plaintiff is requesting that some form of reparations be issued to his demographic of peeps. The plaintiff would like for this honorable court to supply plaintiff with enough to cover legal fees and expens[]es to cover the start-up of a marijuana dispensary in Missouri. The plaintiff believes that he should not be deprived of a thriving economic opportunity in the marijuana field. Plaintiff would also request to be given a formal title to be addressed properly as to be no confusion for identity. Mr. President is enough.

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Id.* at 5. After filing the complaint, plaintiff submitted materials he received from the Internal Revenue Service. It is unclear exactly how the materials relate to the allegations described in the complaint. Plaintiff has also filed a motion asking this Court to "hold the defendant liable and subject to suit for which the entity using the ruse of government to assault its citizens to produce monetary gain." (ECF No. 4 at 2).

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator who has recently filed several frivolous and meritless actions in this Court against a private citizen, corporations, and the United States of America.[2] Additionally, plaintiff initiated an action in Missouri State court seeking to recover $1 trillion from the Internal Revenue Service for assaulting him and causing him to be hospitalized, and the defendant removed the matter to this Court. *Parker v. Internal Revenue Service*, No. 4:19-cv-3251-HEA (E.D. Mo. 2019). The action was dismissed upon the Court's determination that it lacked subject matter jurisdiction because plaintiff failed to establish that the United States had waived sovereign immunity. Plaintiff indicates the instant action is related to that case.

## Discussion

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). This Court may have subject matter jurisdiction over a case against the United States and its agencies if the plaintiff shows that the United States "has unequivocally waived that immunity." *Barnes v. United States*,

---

[2] *See Parker v. Settle,* No. 4:20-cv-214-AGF (E.D. Mo. 2020); *Parker v. Settle*, No. 4:20-cv-216-AGF (E.D. Mo. 2020); *Parker v. Settle,* No. 4:20-cv-219-SRC (E.D. Mo. 2020); *Parker v. Apple, Inc.,* No. 4:20-cv-731-SEP (E.D. Mo. 2020); *Parker v. Microsoft Corporation*, No. 4:20-cv-1031-DDN (E.D. Mo. 2020); *Parker v. United States of America*, No. 4:20-cv-1200-NCC (E.D. Mo. 2020); *Parker v. United States of America*, No. 4:20-cv-1251-NCC (E.D. Mo. 2020); *Parker v. Apple, Inc.,* No. 4:20-cv-1784-NAB (E.D. Mo. 2020); and *Parker v. Apple, Inc.,* No. 4:21-cv-1041-DDN (E.D. Mo. 2021).

4

448 F.3d 1065, 1066 (8th Cir. 2006). A waiver of sovereign immunity is strictly and narrowly construed in favor of the sovereign, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *see also V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000). "Sovereign immunity is jurisdictional in nature," and the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Meyer,* 510 U.S. at 475. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

In this case, plaintiff indicates an intent to proceed pursuant to 42 U.S.C. § 1983 and *Bivens.* However, such claims cannot be brought against the United States or its agencies. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (noting the elements of a valid § 1983 claim); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) (noting that *Bivens* permits a cause of action for certain constitutional violations and does not permit a cause of action against federal agencies). Even if plaintiff had named a proper defendant, his complaint contains no facts that would state a plausible claim for relief under § 1983 or *Bivens. See id.*

Plaintiff has alleged nothing that would establish a waiver of sovereign immunity with respect to any claim he can be understood to bring. Because plaintiff has offered no basis for this Court to conclude that the United States has waived sovereign immunity with respect to his claims, this Court concludes this action is barred by sovereign immunity. This Court therefore lacks subject matter jurisdiction over this action, and must dismiss it. *See* Fed. R. Civ. P. 12(h)(3). The Court will also deny plaintiff's motion.

Even if this Court did have subject matter jurisdiction over this action, the Court would dismiss it because it fails to state a claim upon which relief may be granted. The complaint contains no facts that would state any federal cause of action, and the Court would not assume facts that are

5

not alleged or construct a legal theory for plaintiff. *See Stone*, 364 F.3d at 914-15. Additionally, the majority of plaintiff's assertions and the entirety of his prayer for relief lack a basis in reality. Plaintiff asserts entitlement to an award of $1 trillion because the defendants caused him to be labeled an outcast and to suffer pain from "injections of unapproved medications." Plaintiff also asserts he is entitled to an order from this Court establishing a fund for his "demographic of peeps" and for himself to use to establish a marijuana dispensary, as well as an order bestowing him with the title "Mr. President." Such assertions are "clearly baseless" under the standard set forth in *Denton v. Hernandez*, 504 U.S. 25 (1992). Having noted the nature of plaintiff's assertions in the instant action, along with plaintiff's litigation history in this Court, the Court cautions plaintiff to avoid filing frivolous and meritless litigation in the future because such a practice can be viewed as abuse of the judicial process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Leave to Show Cause" (ECF No. 4) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of December, 2021.

                                                           JOHN A. ROSS
                                                           UNITED STATES DISTRICT JUDGE